

**PARTNERS**
Laura M. Halm
Jean L. Cipriani
_____

Melanie S. Appleby
Robin La Bue
Michael S. Nagurka
Andrea E. Wyatt

**ASSOCIATES**
Danielle Rosiejka
Matthew J. Donohue
Brandon A. Klimakowski

**OF COUNSEL**
Charles H. Mandell
Brian C. Bartlett
Joseph C. Falk

June 26, 2023

**VIA ECF**
The Honorable Rukhsanah L. Singh, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: **Courtney Griffin v. Lakewood Police Department, et al.**
    **Case No. 3:22-cv-02725**

Dear Judge Singh:

The undersigned represents Defendants, Township of Lakewood, Lakewood Township Police Officers John Novak, Alex Pedre, Joseph Prebish, Sherry Jones, Christopher Dibiase, William Allen, Joseph Przewoznik, and Cameron Rose, in the above-referenced matter.

On May 25, 2023, this court entered a text order requiring plaintiff to show cause why the court should not recommend this matter be dismissed for failure to prosecute. [Doc No. 19]. As is customary in this litigation, no response was ever received from plaintiff's counsel. In fact, plaintiff's counsel was required by order to file a response to this court's order no later than June 14, 2023 and this has not occurred. Plaintiff's counsel has failed to appear for court-ordered conferences and completely failed in its obligations under F.R.C.P. 26 to provide simple initial disclosures. Stupefying, plaintiff's counsel does not even have the professionalism to respond and let any of the interested parties know he has abandoned this fantastical claim against **EIGHT** officers and a municipality. Not only have these officers had to waste their time worrying about this claim, but the Township has also had to spend valuable taxpayer resources on what amounts to be a frivolous claim. The time has come to dismiss this matter with prejudice.

Clearly, plaintiff has no intent of litigating this matter nor does he have any interest in following this court's orders as he so flagrantly flouts them again and again. Pursuant to R. 41(b) entitled *Involuntary Dismissal*, if the plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action or any claim against it. Further, under 41(b), a dismissal operates as an adjudication on the merits. For all of the foregoing reasons and the blatant failure to even respond to an order to show cause issued by a federal judge, this matter should be dismissed with prejudice without the need for further filings.

Thank you.

Page 2
June 26, 2023

                                              Respectfully submitted,

                                              /s/ Michael S. Nagurka

                                              MICHAEL S. NAGURKA
                                              For the Firm
                                              mnagurka@rmshc.law

cc:    All counsel via ECF
        Client